IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY GAYLOR<br>AN INDIVIDUAL,<br><br>    Plaintiff,<br><br>    v.<br><br>DDR SOUTHEAST ABERNATHY,<br>LLC a Delaware Limited Liability<br>Company,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:12-CV-4343-TWT |

OPINION AND ORDER

This is an action for declaratory and injunctive relief under Title III of the Americans With Disabilities Act. It is before the Court on the Defendant DDR Southeast Abernathy, LLC's Motion to Dismiss [Doc. 16]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 16] is DENIED.

I. Background

The relevant allegations are as follows. The Plaintiff Gary Gaylor -- a qualified individual with a disability under the ADA[1] -- is a patron of Abernathy Square

---

[1] The Plaintiff has been diagnosed with Multiple Sclerosis. (Second Am. Compl. ¶ 5.)

Shopping Center which is owned by the Defendant DDR Southeast Abernathy, LLC. (Second Am. Compl. ¶¶ 5, 7, 11, 17.)  Because Abernathy Square is not fully compliant with the ADA, many of its parking spaces, routes, and sidewalks are not accessible to the Plaintiff. (Second Am. Compl. ¶ 19.)  The Plaintiff, under 42 U.S.C. § 12188(a), seeks a court order requiring the Defendant to remedy these barriers to access.  The Plaintiff also seeks attorney's fees under 42 U.S.C. § 12205.  The Defendant moves to dismiss, arguing that the Plaintiff lacks standing because he has failed to allege a plausible injury-in-fact.

## II. Motion to Dismiss Standard

"[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997). Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks. Id. at 1261. "Facial attacks on the complaint require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (internal quotation marks omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (internal quotation marks omitted).  The

Defendant claims it is making a facial attack, and so the "[P]laintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

### III. Discussion

#### A. Standing

The Constitution limits the power of federal courts to "Cases" and "Controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). To satisfy the case-or-controversy requirement, a plaintiff must have standing to bring suit. Id. at 560. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). "[A] plaintiff seeking only injunctive or declaratory relief must prove not only an injury, but also a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement." Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) (internal quotation marks omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561 (internal quotation marks omitted).

In the context of ADA suits seeking injunctive relief, a plaintiff must allege facts giving rise to an inference that "he will suffer future discrimination by the defendant."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).  Thus, the Plaintiff's allegations must give rise to an inference that he will return to the site being challenged under the ADA.  See Rasmussen v. Central Florida Council Boy Scouts of Am., Inc., 607-CV-1091-ORL-19GJK, 2009 WL 320855, at *7 (M.D. Fla. Feb. 9, 2009) ("[T]he question of whether the plaintiff has constitutional standing to pursue a Title III claim depends on whether the plaintiff is likely to return to the defendant's place of public accommodation in the immediate future.").  However, the standing inquiry does not conclude simply because the Plaintiff has alleged an intent to return. The allegation, supported by additional facts, must be plausible.  See Daniels v. Arcade, L.P., 477 Fed. Appx. 125, 130 (4th Cir. 2012) ("[The plaintiff is] required to state a plausible allegation that there is a likelihood that he will suffer future harm."); Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) ("[A] plaintiff seeking prospective injunctive relief in an ADA case must allege facts 'giving rise to a plausible inference' that he will suffer disability discrimination by the defendant in the future.").  To determine plausibility, courts often consider four factors: (1) the proximity of the place of public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the

definitiveness of the plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant.  See Gaylor v. Greenbriar of Dahlonega Shopping Center, Inc., No. 2:12-cv-00082-RWS, 2013 WL 5436820, at *6 (N.D. Ga. Sept. 27, 2013).  At bottom, however, the inquiry is whether the plaintiff's alleged facts give rise to a plausible inference that he will suffer an injury in the future.

The Plaintiff alleges that he will visit Abernathy Square after his appointments with his two doctors as he has often done in the past. (Second Am. Compl. ¶¶ 11, 13, 16, 18.)  To show that this allegation is plausible, the Plaintiff alleges that the two doctors' offices he goes to are within eight miles of Abernathy Square (Second Am. Compl. ¶¶ 4, 12-13), that there are two unique shops at Abernathy Square that he likes (Second Am. Compl. ¶ 11), and that he went to Abernathy Square in November of 2012.  (Second Am. Compl. ¶ 11).  This Court has previously found standing based on similar allegations.  See Gaylor, 2013 WL 5436820, at *7 (The plaintiff sufficiently alleged a likelihood of returning to the disputed site because he had been there in the past, had a special reason to go again, visited a doctor in the area, and claimed he would go to make sure it was ADA compliant.).

The Defendant first argues that the Plaintiff lives eighty miles away from Abernathy Square.  (Def.'s Mot. to Dismiss, at 8.)  But the Plaintiff's two doctors are within eight miles of it.  Thus, the distance between his home and Abernathy Square

does not cast doubt on his intent to return.  See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008) ("Notwithstanding the distance between Doran's home and the 7-Eleven, there is an actual or imminent threat that, during his planned future visits to Anaheim, Doran will suffer harm as a result of the alleged barriers.").  The Defendant then argues that there are no unique stores at Abernathy Square and that the Plaintiff can get the same products at stores that are closer to him.  (Def.'s Mot. to Dismiss, at 10, 17-18, 20-21.)  The Court does not inquire into the wisdom of the Plaintiff's decision to go to Abernathy Square.  What matters is whether he is going to return.  See Fox v. Morris Jupiter Associates, 05-80689-CIV, 2007 WL 2819522 (S.D. Fla. Sept. 25, 2007) ("Defendant argues that other Radio Shack and Cingular Wireless stores can be found closer to Plaintiff's residence.  This fact has no bearing on Plaintiff's intent to return to Concourse Village Plaza. Because Plaintiff could visit another store does not overcome his stated desire to continue to access the store at Concourse Village Plaza.").  The Plaintiff also alleges that there are two unique shops at Abernathy Square that he likes to visit -- Freedman's Music and Alex the Jeweler. (Second Am. Compl. 11.)  The Defendant further argues that the Plaintiff only plans to return "someday," and that this was found insufficient in Lujan.  (Def.'s Mot. to Dismiss, at 15.)  The Plaintiff alleges that he sees his doctors a total of six to eight times a year, and that he intends to go to Abernathy Square after his appointments.

(Second Am. Compl. ¶¶ 13-14.) Unlike in Lujan where the plaintiffs were alleging that they were going to visit different continents, Lujan, 504 U.S. 563-64, the Plaintiff is alleging that he is going to a shopping center located just eight miles away from his doctors' offices. More concrete plans are not necessary.[2]

### B. Scope of Challenge

The Defendant asserts that, if the Motion to Dismiss is denied, the Court ought to limit the Plaintiff's challenge to the barriers specified in the Second Amended Complaint. The Defendant claims that the Plaintiff only has standing to challenge the barriers to access that he knew about when he filed his complaint. This rule has been adopted by at least one other district court in this Circuit. See Duldulao v. Target Corp., No. 8:11-cv-02446-VMC-AEP, 2012 WL 6008484 (M.D. Fla. Dec. 3, 2012); Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010) ("Defendant is correct that Plaintiff does not have standing to challenge alleged barriers of which he was unaware at the time of filing of his complaint.").

---

[2] To further establish standing, the Plaintiff also alleges that he would go to Abernathy Square even if it was to make sure it was ADA-compliant. The Eleventh Circuit has not expressly ruled on whether a "tester" has standing to bring an ADA claim. However, the Eleventh Circuit has previously found standing for testers who challenge discriminatory conduct. See Watts v. Boyd Properties, Inc., 758 F.2d 1482, 1485 (11th Cir. 1985) ("[E]ven if a tester is motivated solely by the desire to challenge the legality of allegedly discriminatory practices, this is a sufficient purpose to confer standing.").

The Court disagrees. This rule assumes that unless a plaintiff has knowledge of the barriers at the time of the complaint, he will be unable to satisfy the constitutional standing requirements. Yet there is no indication of *which* standing requirement would necessarily go unsatisfied. Here, the relevant injury is that the Plaintiff will be unable to fully access the shops at Abernathy Square when he goes there in the future. See Cone Corp. v. Florida Dep't of Transp., 921 F.2d 1190, 1203 (11th Cir. 1991) ("[I]f . . . the plaintiff seeks declaratory and injunctive relief, he must demonstrate that he is likely to suffer future injury."). The barriers that he had no knowledge of when he filed the complaint will affect him just as much as those he did know about. So long as the Plaintiff planned on returning to Abernathy Square when he filed his complaint, he has standing to challenge all of the barriers that may render it inaccessible to him.[3] See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1044 (9th Cir. 2008) ("Even if a disabled plaintiff did not know about certain barriers when the plaintiff first filed suit, that plaintiff will have a personal stake in the outcome of the controversy . . .."); Kreisler v. Second Ave. Diner Corp., 12-4093-CV, 2013 WL

---

[3] However, depending on the type of injury alleged, a plaintiff's knowledge may be relevant. For example, if the plaintiff's injury is that he was deterred from going to a particular site, then knowledge would be relevant. One cannot be deterred by a barrier he did not know about. Here the Plaintiff's injury is not that he was deterred from going to Abernathy Square, but that he will return and encounter difficulties because of the barriers.

5340465, at *3 n.5 (2d Cir. Sept. 25, 2013) ("[W]e need not consider whether a plaintiff has standing to challenge ADA violations that he became aware of after the lawsuit's commencement. At the same time, so long as the subsequently-discovered ADA violations relate to the plaintiff's disability and are located in the subject place of public accommodation, we see nothing that would preclude such a finding.").

The Defendant, citing Norkunas v. Seahorse NB, LLC, 444 Fed. Appx. 412 (11th Cir. 2011), argues that the Eleventh Circuit already resolved this question in its favor. This is incorrect. In Norkunas, the plaintiff filed suit against the Seahorse Oceanfront Inn under the ADA. See id. at 414. The plaintiff challenged several barriers, including barriers in two designated accessible rooms that he never tried to stay in. The district court held that the plaintiff had standing to challenge all of the barriers except for those located in the designated accessible rooms. See id. In affirming the district court's judgment, the Eleventh Circuit reasoned that "[b]ecause he did not experience discrimination as a result of his stay in a designated accessible room, he was not discriminated against through barriers contained therein and he does not meet the injury in fact requisite for standing." Id. at 416. It is unclear whether the plaintiff in Norkunas ever argued that he planned on staying in an accessible room in the future, and the Eleventh Circuit apparently did not consider this argument. Applying the Norkunas reasoning here, the Plaintiff does not have standing to

challenge barriers found in the parts of Abernathy Square that he will not patronize. However, this does not mean that the Plaintiff's challenge must be limited to the barriers listed in his Second Amended Complaint.[4]

To be sure, the Court's conclusion does not mean that the Plaintiff has standing to challenge *all* barriers that violate the ADA. In determining which barriers a plaintiff may challenge, the approach used by the Eighth and Ninth Circuits is instructive: A disabled person only has standing to challenge the barriers that are relevant to his particular disability. See Doran, 524 F.3d at 1047 ("[The plaintiff] has standing to sue for injunctive relief for all barriers . . . related to his specific disability."); Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000). This restricts a plaintiff to challenging only the barriers that could affect him in a personal way.

The Defendant alternatively argues that the Plaintiff may not later challenge barriers not referenced in the Second Amended Complaint because it would deprive the Defendant of fair notice. See Liebman v. Deutsche Bank Nat. Trust Co., 462 Fed. Appx. 876, 878 (11th Cir. 2012) ("The complaint must give the defendants fair notice

---

[4] The Defendant posits that finding standing here would mean that the Plaintiff would have "standing to sue all tenants on the upper thirty (30) floors of a multi-story commercial building merely because he has passed through the lobby on the ground floor." (Def.'s Reply Supp. Mot. to Dismiss, at 4.) No, it would not. Under the Defendant's hypothetical, if the plaintiff could not make a plausible allegation that he will frequent those thirty floors, he would not have standing to challenge the barriers therein.

of the bases for relief and the grounds upon which the claim rests."). This is unpersuasive. The Plaintiff's claim is that Abernathy Square is not accessible to persons with the Plaintiff's disability due to ADA violations. If the Plaintiff later submits evidence of other similar barriers at Abernathy Square, the Defendant can hardly argue that it did not have fair notice that these barriers could become relevant to the litigation. The Court concludes that the Plaintiff has standing to litigate his Title III claim, and is not restricted to challenging the barriers to access referenced in the Second Amended Complaint.

## IV. Conclusion

For these reasons, the Court DENIES the Defendant DDR Southeast Abernathy, LLC's Motion to Dismiss [Doc. 16].

SO ORDERED, this 15 day of November, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge